**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10018 |
| Plaintiff/Appellee, | D.C. No. 3:17-cr-00087-RCJ-CBC |
| v. | |
| JOSE CABRERA, | MEMORANDUM* |
| Defendant/Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 21, 2020**
San Francisco, California

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,***
District Judge.

Jose Cabrera pled guilty to one count of Unlawful Reentry by a Deported,

Removed, or Excluded Alien in violation of 8 U.S.C. § 1326(a).  The district court

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

1

calculated a total offense level of 15 and a criminal history category of III, resulting in an advisory guideline range of 24 to 30 months. That calculation is not challenged on appeal. However, the district court varied upward and imposed a custodial sentence of 48 months based, at least in part, on the mistaken belief that the defendant would not be deported after his incarceration. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate and remand.

The factual finding that Cabrera was unlikely to be deported was erroneous, as conceded by the government. That error is obvious and affected Cabrera's substantial rights because it increased his sentence 60 percent above the upper end of the applicable guidelines range. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018). Moreover, the district court has previously relied on this same erroneous belief concerning the government's deportation policies, *see United States v. Navarro-Garcia*, 750 F. App'x 584, 585 (9th Cir. 2019) (collecting cases), which directly implicates the "fairness, integrity, and public reputation of judicial proceedings," *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1344 (2016). Cabrera's sentence is therefore vacated and remanded. Reassignment is also appropriate. *See Navarro-Garcia*, 750 F. App'x at 585.

**SENTENCE VACATED AND REMANDED FOR RE-ASSIGNMENT AND RE-SENTENCING.**